# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LARRY MARTINEZ,

    Plaintiff,

v.                                                                                                               No. 1:17-cv-1148 JCH/LF

RAYMOND L. ROMERO,
PATRICK MELVIN, and
JAMES P. BAIAMONTE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's civil rights complaint. (Doc. 1). Plaintiff is incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. After reviewing the matter *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), the Court will dismiss the Complaint with prejudice based on immunity principles and the *Heck* doctrine.

I. Standards Governing *Sua Sponte* Review

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Further, *pro se* plaintiffs should ordinarily be given the opportunity to cure defects in the original complaint, unless amendment would be futile. *Id.* at 1109.

II. Factual Allegations

In 2016, Plaintiff was convicted in New Mexico's Fifth Judicial District Court of possessing a firearm as a felon, aggravated assault with a deadly weapon, and tampering with evidence. *Id.* The Complaint raises constitutional claims under 42 U.S.C. § 1983 against the judge, prosecutor, and public defender involved in those proceedings. *See* Doc. 1 at 7. Plaintiff alleges Judge Romero, Prosecutor Melvin, and Public Defender Baiamonte deprived him of due process by introducing or allowing false evidence during his trial. *Id.* at 3. Specifically, Plaintiff asserts he did not have access to the firearm, which was locked in a third party's trunk. *Id.* at 7. Plaintiff further alleges false statements were used to obtain a warrant to search the trunk, although it not clear who made the statements. *Id.*

Based on these alleged constitutional violations, Plaintiff asks the Court to vacate his conviction and file criminal charges against Defendants. *Id.* at 8. He also seeks money damages equal to: (1) $1,800 per day for each day of incarceration; (2) $100,000 per year in lost wages; and (3) half of each Defendant's retirement savings. *Id.*

III. Analysis of Constitutional Claims

"A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Plaintiff's complaint does not state a cognizable claim, as Judge Romero, Prosecutor Melvin, and Public Defender Baiamonte are not subject to liability under § 1983. It is well established that judges are immune from all suits for money damages for acts made in the exercise of judicial discretion. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006). Prosecutors are similarly immune for actions "taken in connection with the judicial process," including "'initiating a prosecution and ... presenting the State's case." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1490 (10th Cir. 1991) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Examples of protected actions by the prosecutor include: (i) evidence-gathering; (ii) the evaluation and presentation of evidence; (iii) the determination of whether probable cause exists; and (iv) the determination of what information to show the court. *Nielander v. Board of County Com'rs.*, 582 F.3d 1155, 1164 (10th Cir. 2009); *Burns v. Reed*, 500 U.S. 478, 492 (1991). Further, public defenders cannot be sued under § 1983 because they do not act under color of state law when functions as defense counsel in a criminal proceeding. *See Polk County. v. Dodson*, 454 U.S. 312, 315 (1981). Plaintiff's claims against each Defendant therefore fails.

The Court also notes that even if Defendants could face liability under § 1983, Plaintiff's claims are still barred under *Heck v. Humphry,* 512 U.S. 477, 487 (1994). *Heck* held that the district court must dismiss any § 1983 claim that, if resolved in plaintiff's favor, would necessarily imply the invalidity of his conviction or sentence. *Id.* at 487. Plaintiff explicitly attacks the validity of his criminal proceedings by asking the Court to vacate the conviction. His request to be compensated for each day of incarceration would also necessarily require the Court to treat his criminal proceeding as invalid. For these reasons, the Court concludes Plaintiff's Complaint fails to state a claim upon which relief can be granted.

IV. Amendment Would be Futile

In deciding whether to dismiss the complaint, the Court considers whether to allow Plaintiff an opportunity to amend the pleading. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* plaintiffs should normally be given a reasonable opportunity to remedy defects in their pleadings. *Id.* However, the Court is not required to grant leave to amend where the factual predicate for the lawsuit is clear and any amended claims would also be subject to immediate dismissal under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004). In this case, amending the Complaint would be futile because Plaintiff's claims are all based on non-viable legal theories, and against Defendants who are immune. The Court will therefore dismiss the Complaint without granting leave to amend.

V. The Court Will Impose a 28 U.S.C. § 1915(g) Strike

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. The *in forma pauperis* statutes provides that incarcerated plaintiffs accrue a "strike" each time they bring a complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g); *Hafed v. Bureau of Prisons,* 635 F.3d 1172, 1176-77 (10th Cir. 2011) (holding that dismissal of an action

4

as frivolous, malicious, or for failure to state a claim under § 1915(e)(2)(B) counts as a strike under § 1915(g)). The Court notifies Plaintiff that this dismissal qualifies as a strike. If he accrues three strikes, he may not proceed *in forma pauperis* in civil actions before the federal courts unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

IT IS THEREFORE ORDERED that Plaintiff's civil rights complaint (Doc. 1) is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may granted; and a separate judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE